IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **CURTIS DEAN BURTCH, JR.,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | NO. 3:23-cv-80-TES-CHW |
| **STATE OF GEORGIA;** : | |
| **Captain ULM;** : | |
| **Probation Officer TARA DAVIS;** : | |
| : | |
| : | ORDER |
| **Defendants.** : | |
| : | |

Plaintiff Curtis Dean Burtch, Jr., an inmate in the Franklin County Jail in Carnesville, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. He has not, however, paid the $402.00 filing fee or moved to proceed *in forma pauperis*.

The Court needs more information before it can process Plaintiff's complaint. First, it is unclear if the proper venue for this action is the Middle District of Georgia or the Northern District of Georgia. Plaintiff lists three Defendants: (1) the State of Georgia, (2) Captain Ulm at the Stephens County Jail in Toccoa, Georgia, and (3) Probation Officer Tara Davis. ECF No. 1 at 2-3. Plaintiff provides no address for Tara Davis.

The State of Georgia is not a proper party to the action. "Under the Eleventh Amendment, an unconsenting state (including the state's agencies and departments) is immune from suit in federal court by the state's own citizens." *Duva v. Bd. of Regents of the Univ. Sys. of Ga.*, 654 F. App'x 451, 453 (11th Cir. 2016) (per curiam) (citing *Pennhurst State Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 100 (1984)).

As the State of Georgia is not a viable Defendant, the only potential Defendants are Officer Ulm, who works at the Stephens County Jail, and Probation Officer Davis. Stephens County is

1

located in the Northern District of Georgia, not the Middle District. The Court, therefore, needs Probation Officer Tara Davis' address to determine whether she resides in the Northern or Middle District of Georgia. Plaintiff must provide her work address.

Additionally, Plaintiff's allegations are unclear and as currently alleged fail to state a claim upon which relief may be granted. Plaintiff states he is falsely imprisoned following his probation revocation and seeks "7 million in damages." ECF No. 1 at 5-7. The Court cannot award damages for a probation revocation in a 42 U.S.C. § 1983 action unless the revocation has already been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *See Vickers v. Donahue*, 137 F. App'x 285, 288-90 (11th Cir. 2005). Plaintiff also complains that Franklin County Jail and Stephens County Jail are violating his right to access the courts by failing to provide grievance procedures. ECF No. 1 at 6. County jails are not legal entities subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Also, there is no constitutional right to a grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam). The fact that Plaintiff does not have access to grievance procedures does not mean he is being denied access to the courts.

The Court will give Plaintiff one opportunity to file an amended complaint. The complaint should be **NO LONGER THAN TEN (10) PAGES**. Plaintiff must complete the enclosed 42 U.S.C. § 1983 form in full. It will take the place of and supersede Plaintiff's original complaint. Plaintiff must list the name or names of any Defendant in the heading of the complaint. In the body of the complaint, Plaintiff must again list the Defendants and tell the Court exactly what each Defendant did or did not do that violated Plaintiff's constitutional rights. When recasting his complaint, Plaintiff should keep in mind the above-described deficiencies in his original complaint. Plaintiff must also provide a work address for Probation Officer Tara Davis.

Finally, Plaintiff has not paid the $402.00 filing fee or moved to proceed *in forma pauperis*. He must do one or the other. If Plaintiff wishes to proceed without prepayment of the filing fee, he must complete the enclosed *in forma pauperis* paperwork. He must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff should keep in mind that he will owe the full filing fee even if the Court grants his motion to proceed *in forma pauperis*. The filing fee will be deducted from Plaintiff's trust fund account in accordance with the Prison Litigation Reform Act.

In conclusion, it is **ORDERED** that Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to file his amended complaint and to pay the $402.00 filing fee or request to proceed *in forma pauperis*. If Plaintiff fails to do so, or fails to follow the instructions in this Order, his action will be dismissed. Plaintiff should keep the Court informed of any address change and if he fails to do so, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form and *in forma pauperis* forms with the civil action number on them along with a copy of this Order.

So **ORDERED and DIRECTED**, this 4th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge